# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **MARIA BROWN,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 1:06-CV-2049-RDP |
| } | |
| **MICHAEL J. ASTRUE,** } | |
| **COMMISSIONER OF SOCIAL** } | |
| **SECURITY,** } | |
| } | |
| **Defendant.** } | |

## **MEMORANDUM OF DECISION**

Plaintiff Maria Brown brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and Section 1631(c) of the Social Security Act, 42 U.S.C. § 1383(c)(3), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits under Title II of the Social Security Act and her application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act.

### **I.  Proceedings Below**

Plaintiff filed her application for a period of disability and disability insurance benefits and SSI benefits on March 6, 2002. (Tr. 72, 546.) Plaintiff alleged a disability onset date of November 1, 2001 in her applications. (*Id*.)  Both claims were initially denied on May 6, 2003.  (Tr. 27.) Plaintiff then requested and received the opportunity to be heard by an Administrative Law Judge ("ALJ"). (Tr. 31.)  Two hearings were held in Anniston, Alabama, one on May 23, 2005 and one on December 15, 2005.  (Tr. 12.)  In the June 13, 2006 decision, the ALJ determined that Plaintiff was not eligible for a period of disability or disability insurance benefits, or SSI benefits because she

failed to meet the disability requirements of the Social Security Act and retained the residual functional capacity to perform light work with restrictions. (Tr. 23-24.) After the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 6-8), that decision became the final decision of the Commissioner, and therefore a proper subject of this court's review.

At the time of the hearing in question, Plaintiff was 45 years old with a high school education and a 2-year college degree as a registered medical assistant. (Tr. 72, 562.) The ALJ found, and Plaintiff does not challenge, that she did not engage in substantial gainful activity from November 1, 2001 through April 13, 2003, but that she did perform continuing substantial gainful activity from April 13, 2003. (Tr. 14.) Plaintiff alleges that she suffers from hypertension, visual impairment, residuals from carcinoma of the breast, obesity, arthritis of the knees, and mild carpal tunnel syndrome. (Tr. 15.) According to Plaintiff, these problems made her unable to engage in substantial gainful activity from November 1, 2001 to April 13, 2003. (Tr. 72, 562.)

## II. ALJ Decision

Determination of disability under the Social Security Act requires a five step analysis. *See* 20 C.F.R. § 404.1 *et. seq.* First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Third, the Commissioner determines whether claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. The claimant's residual functional capacity is what the claimant can do despite his impairment. Finally, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work. In

making this final determination, the Commissioner will use the Medical-Vocational guidelines in Appendix 2 of Part 404 of the Regulations when all of the claimant's vocational factors and the residual functional capacity are the same as the criteria listed in the Appendix. If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will not review the claim any further.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that the "claimant must establish a *prima facie* case by demonstrating that he can no longer perform his former employment." *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted). Once a claimant shows that he can no longer perform his past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment." *Id.*

The ALJ found that Plaintiff did not engage in substantial gainful activity from November 1, 2001 to April 13, 2003. (Tr. 14.) Based upon the medical evidence presented, the ALJ concluded that Plaintiff has hypertension, visual impairment, residuals from carcinoma of the breast, obesity, arthritis of the knees, and mild carpal tunnel syndrome, which are "severe" impairments as defined by the Social Security Act. (Tr. 15.) Nonetheless, the ALJ determined that Plaintiff's impairments neither meet nor equal the requirements for any impairment in the Listing of Impairments, Appendix 1, Subpart P, Regulations No. 4. (Tr. 19.)

According to the ALJ, Plaintiff's subjective complaints concerning her impairments and their impact on her ability to work are not fully credible due to the degree of inconsistency between those complaints and the medical evidence established in the record. (Tr. 19-22.) After consideration of all the medical evidence, including Plaintiff's subjective complaints, the ALJ found that Plaintiff

retains the residual functional capacity to perform the exertional demands of light work which allows her to sit or stand, does not require overhead reaching or lifting with the right arm, does not involve unprotected heights, and which does not require her to satisfy production quotas. (Tr. 22.) Although the ALJ found that Plaintiff is unable to perform her past relevant work, he also included that there are a significant number of jobs in the national economy which Plaintiff could perform, all of which allow Plaintiff to work with the above-mentioned limitations. (Tr. 24.) Thus, the ALJ ruled that Plaintiff is not disabled as that term is defined in the Social Security Act and that Plaintiff therefore is not entitled to a period of benefits. (*Id*.)

### III. Plaintiff's Argument for Remand or Reversal

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed and remanded. (Doc. # 7, 8.) Plaintiff argues that the ALJ's decision is not supported by substantial evidence and improper legal standards were applied. Specifically, Plaintiff contends that the ALJ did not accord proper weight to the testimony of Dr. Deichmann particularly given that she was a treating physician. (*Id*. at 4-7)

### IV. Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405 (g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court

may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701. For the reasons set forth below, the ALJ's decision denying Plaintiff benefits is due to be affirmed.

## V. Discussion

**A.    The ALJ correctly interpreted and relied on the treating physician's opinion.**

Plaintiff alleges that the ALJ failed to give sufficient weight to the opinion of Dr. Laura Deichmann, one of Plaintiff's treating physicians. (Doc. # 7, 5-7.) To support her argument, Plaintiff points out three areas where the ALJ reached conclusions that appear to be at odds with the findings of Dr. Deichmann: (1) Plaintiff's range of motion for the right arm; (2) swelling in the feet; and (3) systemic lupus erythematosus. Plaintiff asserts that, in light of the testimony of Dr. Deichmann, the ALJ's finding that Plaintiff was capable of performing sustained work is irrational and not supported by substantial evidence. This argument fails for two reasons.

First, Plaintiff mischaracterizes the nature of Dr. Deichmann's opinion as to lupus. Dr. Deichmann noted that Plaintiff had a history of lupus. (Tr. 397.) She did not diagnose or treat lupus, neither did she offer any opinion that Plaintiff's lupus affected her ability to work.[1] In evaluating Plaintiff's claim, it is the effect of Plaintiff's health conditions on her ability to work that matters. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) (stating that "the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality"). At all times, Plaintiff bears to burden of showing disability. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Because nothing in the record, neither in Dr. Deichmann's notes nor in any other doctor's, shows that Plaintiff's lupus impairs her ability to work, the ALJ did not err by failing to consider the potential effect of lupus erythematosus in making his assessment of Plaintiff's ability to perform work on a sustained basis.

Second, Plaintiff is incorrect in arguing that the ALJ disregarded the opinion Dr. Deichmann's diagnoses in making his findings in this case. The ALJ specifically relied upon Dr. Deichmann's opinion, stating that it is "not inconsistent" with a finding that Plaintiff's residual functional capacity ("RFC") allows her to engage in light work. (Tr. 21.) It may be the case that the ALJ gave less weight to Dr. Deichmann's opinion than Plaintiff wished, but the record overwhelmingly supports the conclusion that the ALJ had substantial evidence for finding that Plaintiff's RFC allowed her to sustain gainful employment.

---

[1] Dr. Fowler also noted that Plaintiff has a history of lupus. (Tr. 374.) Just as with Dr. Deichmann, however, Dr. Fowler neither diagnosed nor treated Plaintiff for lupus.

Drs. Anderson, Pinson, and Hamo examined Plaintiff and the ALJ gave great weight to their opinions. (Tr. 20.) Dr. Anderson opined that Plaintiff could perform light work with the option to sit or stand. (Tr. 581.) Dr. Pinson provided a medical source statement. (Tr. 518-28). He gave detailed opinions as to the specific limitations of Plaintiff's ability to work, including the precise weights she could lift (Tr. 523), the time she could spend standing in a work day (*id*.), and her tolerance to various environmental factors including fumes, temperatures, and heights (Tr. 525). Dr. Hamo, a neurologist, concluded that Plaintiff should avoid "repetitive hard activity of right upper and left lower extremity" and that she should "limit stooping, climbing, and bending." (Tr. 531). All three of these doctors addressed Plaintiff's activity limitations directly and with considerable detail.

Dr. Deichmann's opinion, that Plaintiff had "limited range of motion in upper extremities" (Tr. 399), is consistent with the more detailed opinions of Drs. Anderson, Pinson, and Hamo. The ALJ did not reject Dr. Deichmann's opinion, electing instead to consider that opinion in the light of all of the record and testimonial evidence, and that was in accordance with Eleventh Circuit precedent. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (stating "[t]he Secretary, and not the court, is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony, and to determine the case accordingly"). It is also clear that substantial evidence supports the ALJ's conclusion that Plaintiff's RFC allowed her to engage in limited light work.

## VI. Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The

Commissioner's final decision is therefore due to be **AFFIRMED**, and a separate order in accordance with the memorandum of decision will be entered.

    **DONE** and **ORDERED** this \_\_\_\_15th\_\_\_\_ day of January, 2008.

                                                        /s/ R. David Proctor
                                                        **R. DAVID PROCTOR**
                                                        UNITED STATES DISTRICT JUDGE